IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

IGNACIO POLVOS PENA,

           Plaintiff,                       No. 2:12-cv-0006 EFB P

     vs.

JENNIFER SHAFFER, et al.,

           Defendants.             <u>ORDER</u>

_____/

       Plaintiff is a state prisoner proceeding pro se with this civil rights action under 42 U.S.C. § 1983.  In addition to filing a complaint, plaintiff has filed an application to proceed in forma pauperis and a request for appointment of counsel. This proceeding was referred to this court by Local Rule 302 pursuant to 28 U.S.C. § 636(b)(1) and is before the undersigned pursuant to plaintiff's consent.  *See* E.D. Cal. Local Rules, Appx. A, at (k)(4).

**I.**      **Request to Proceed In Forma Pauperis**

       Plaintiff has requested leave to proceed in forma pauperis pursuant to 28 U.S.C. § 1915. Dckt. No. 8.  Plaintiff's application makes the showing required by 28 U.S.C. § 1915(a)(1) and (2).  Accordingly, by separate order, the court directs the agency having custody of plaintiff to collect and forward the appropriate monthly payments for the filing fee as set forth in 28 U.S.C. § 1915(b)(1) and (2).

## II.   Request for Appointment of Counsel

Plaintiff requests that the court appoint counsel.  District courts lack authority to require counsel to represent indigent prisoners in section 1983 cases.  *Mallard v. United States Dist. Court*, 490 U.S. 296, 298 (1989).  In exceptional circumstances, the court may request an attorney to voluntarily to represent such a plaintiff.  *See* 28 U.S.C. § 1915(e)(1); *Terrell v. Brewer*, 935 F.2d 1015, 1017 (9th Cir. 1991); *Wood v. Housewright*, 900 F.2d 1332, 1335-36 (9th Cir. 1990).  When determining whether "exceptional circumstances" exist, the court must consider the likelihood of success on the merits as well as the ability of the plaintiff to articulate his claims pro se in light of the complexity of the legal issues involved.  *Palmer v. Valdez*, 560 F.3d 965, 970 (9th Cir. 2009).  Having considered those factors, the court finds there are no exceptional circumstances in this case.

## III.   Screening Requirement and Standards

Federal courts must engage in a preliminary screening of cases in which prisoners seek redress from a governmental entity or officer or employee of a governmental entity.  28 U.S.C. § 1915A(a).  The court must identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint "is frivolous, malicious, or fails to state a claim upon which relief may be granted," or "seeks monetary relief from a defendant who is immune from such relief."  *Id.* § 1915A(b).

In order to avoid dismissal for failure to state a claim a complaint must contain more than "naked assertions," "labels and conclusions" or "a formulaic recitation of the elements of a cause of action."  *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555-557 (2007).  In other words, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements do not suffice."  *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009).

Furthermore, a claim upon which the court can grant relief has facial plausibility.  *Twombly*, 550 U.S. at 570.  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the

misconduct alleged." *Iqbal*, 129 S. Ct. at 1949.  When considering whether a complaint states a claim upon which relief can be granted, the court must accept the allegations as true, *Erickson v. Pardus*, 127 S. Ct. 2197, 2200 (2007), and construe the complaint in the light most favorable to the plaintiff, *see Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974).

A *pro se* plaintiff must satisfy the pleading requirements of Rule 8(a) of the Federal Rules of Civil Procedure.  Rule 8(a)(2) "requires a complaint to include a short and plain statement of the claim showing that the pleader is entitled to relief, in order to give the defendant fair notice of what the claim is and the grounds upon which it rests." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 554, 562-563 (2007) (citing *Conley v. Gibson*, 355 U.S. 41 (1957)).

**IV.    Screening Order**

The court has reviewed plaintiff's complaint pursuant to § 1915A and finds that it must be dismissed.  With his complaint plaintiff submits a copy of the transcript from his September 8, 2010 parole suitability hearing before the Board of Parole Hearings.  According to the transcript, plaintiff is serving an indeterminate life sentence for a second degree murder conviction.  Plaintiff alleges that defendants Garner and Iniguez, both parole board commissioners, denied plaintiff parole and illegally deferred plaintiff's next parole suitability hearing by five years pursuant to Proposition 9, also known as Marsy's Law.  Plaintiff also alleges that defendants Garner and Iniguez violated his rights by failing to abide by the terms of his plea bargain contract.  Also named as a defendant is Jennifer Shaffer, the Executive Director for the Board of Parole Hearings, who plaintiff claims is legally responsible for the conduct of defendants Garner and Iniguez.  As relief, plaintiff requests monetary damages, the right to withdraw his guilty plea and have a jury trial, and any other equitable relief the court deems proper.  As discussed below, the allegations are insufficient to state a claim for monetary damages against defendants in either their official or individual capacities, and the claims for equitable relief are barred by either *Heck v. Humphrey*, 512 U.S. 477 (1994), or the pending class action in *Gilman v. Davis*, No. Civ. S-05-830 LKK GGH.

1   The Eleventh Amendment bars plaintiff's claims for damages against defendants in their

2   official capacities.  Claims for damages against the state, its agencies or its officers for actions

3   performed in their official capacities are barred under the Eleventh Amendment, unless the state

4   waives its immunity.  *Kentucky v. Graham*, 473 U.S. 159, 169, 105 S. Ct. 3099, 87 L. Ed. 2d 114

5   (1985); *see also Will v. Michigan Dep't of State Police*, 491 U.S. 58, 71 (1989) (neither a state

6   nor its officials acting in their official capacities are persons under § 1983).  Section 1983 does

7   not abrogate the states' Eleventh Amendment immunity from suit.  *See Quern v. Jordan*, 440

8   U.S. 332, 344-45 (1979).

9   Defendants are also immune from damages in their individual capacities.  Parole board

10  officials are entitled to absolute quasi-judicial immunity for decisions to "grant, deny, or revoke

11  parole," which are "functionally comparable to tasks performed by judges."  *Swift v. California*,

12  384 F.3d 1184, 1189 (9th Cir. 2004) (internal quotation marks omitted); *id.* at 1191 ("[A]n

13  official who adjudicates parole decisions is entitled to quasi-judicial immunity for those

14  decisions, and actions integral to those decisions.").

15  Plaintiff's claim for equitable relief in the form of allowing him to withdraw his guilty

16  plea and be tried by a jury is barred by *Heck*.  As a general rule, a challenge in federal court to

17  the fact of conviction or the length of confinement must be raised in a petition for writ of habeas

18  corpus pursuant to 28 U.S.C. § 2254.  *See Preiser v. Rodriguez*, 411 U.S. 475 (1973).  Where

19  success in a section 1983 action would implicitly question the validity of a conviction, the

20  plaintiff must first show that the underlying conviction was reversed on direct appeal, expunged

21  by executive order, declared invalid by a state tribunal, or questioned by the grant of a writ of

22  habeas corpus.  *Heck v. Humphrey*, 512 U.S. 477, 486-87 (1994); *Muhammad v. Close*, 540 U.S.

23  749, 751 (2004).  Plaintiff's failure to do so in the instant case precludes him from collaterally

24  challenging his underlying criminal conviction in this civil rights action.

25  Additionally, plaintiff may not bring an individual suit seeking equitable relief within the

26  same subject matter of the class action in *Gilman*.  *Gilman* is a class action challenging

Proposition 9 as violating the Ex Post Facto Clause.  The class in *Gilman* is comprised of California state prisoners who: (I) have been sentenced to a term that includes life; (ii) are serving sentences that include the possibility of parole; (iii) are eligible for parole; and (iv) have been denied parole on one or more occasions.  *Gilman v. Davis*, No. Civ. S-05-830 LKK GGH, 2009 U.S. Dist. LEXIS 21614 (E.D. Cal. Mar. 4, 2009), *aff'd* 2010 U.S. App. LEXIS 11319 (9th Cir. June 3, 2010).  The *Gilman* plaintiffs seek declaratory and injunctive relief to cure the alleged violations.  *Gilman*, 2009 U.S. Dist. LEXIS 21614, at *7.

A plaintiff who is a member of a class action for equitable relief from prison conditions may not maintain a separate, individual suit for equitable relief involving the same subject matter of the class action.  *See Crawford v. Bell*, 599 F.2d 890, 892-93 (9th Cir. 1979); *see also McNeil v. Guthrie*, 945 F.2d 1163, 1165 (10th Cir. 1991) ("Individual suits for injunctive and equitable relief from alleged unconstitutional prison conditions cannot be brought where there is an existing class action."); *Gillespie v. Crawford*, 858 F.2d 1101, 1103 (5th Cir. 1988) (per curiam) ("To allow individual suits would interfere with the orderly administration of the class action and risk inconsistent adjudications.").

Accepting plaintiff's allegations as true, he is a member of the Gilman class.  Further, his complaint seeks equitable relief and involves the same subject matter of the class action.  As a member of the Gilman class, plaintiff must bring his "[c]laims for equitable relief . . . through the class representative until the class action is over or the consent decree is modified."  *McNeil*, 945 F.2d at 1166; *Frost v. Symington*, 197 F.3d 348, 359 (9th Cir. 1999) (inmate must bring equitable claims related to class action through class counsel); *Crawford*, 599 F.2d at 892-93.  *See also Rodgers v. Swarthout*, No. Civ. S. 10-0581 JAM GGH P, 2010 U.S. Dist. LEXIS 87013 (E.D. Cal. Aug 24, 2010) (striking petitioner's claims regarding Marsy's Law and parole eligibility, without prejudice to resolution in the Gilman class action).

Because plaintiff seeks monetary relief from defendants who are immune from such relief and otherwise fails state a claim upon which relief may be granted, this action must be

dismissed, and leave to amend appears to be futile.  *See Silva v. Di Vittorio*, 658 F.3d 1090, 1105 (9th Cir. 2011) ("Dismissal of a pro se complaint without leave to amend is proper only if it is absolutely clear that the deficiencies of the complaint could not be cured by amendment." (internal quotation marks omitted)); *Doe v. United States*, 58 F.3d 494, 497 (9th Cir. 1995) ("[A] district court should grant leave to amend even if no request to amend the pleading was made, unless it determines that the pleading could not be cured by the allegation of other facts.").

Accordingly, IT IS HEREBY ORDERED that:

1. Plaintiff's request to proceed in forma pauperis (Dckt. No. 8) is granted.

2. Plaintiff shall pay the statutory filing fee of $350.  All payments shall be collected in accordance with the notice to the Director of the California Department of Corrections and Rehabilitation filed concurrently herewith.

3. Plaintiff's request for appointment of counsel (Dckt. No. 2) is denied.

4. The complaint is dismissed for failure to state a claim.

5. The Clerk is directed to close this case.

DATED:  August 2, 2012.

EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE